IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MONAUZRE BAUGH, aka MAVEN, an Individual, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:20-cv-00291 |
| A.H.D. HOUSTON, INC., D/B/A CENTERFOLDS; ALI DAVARI and HASSAN DAVARI, individuals, | § § § § | |
| Defendants. | § § | |

## DEFENDANT'S MOTION TO DISMISS PURSUANT TO 9 U.S.C. § 4

Defendant A.H.D. Houston, Inc., d/b/a "Centerfolds," files this Motion to Dismiss Pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. against Plaintiff, Monauzre Baugh. Ms. Baugh executed a contract that includes a comprehensive arbitration agreement requiring the submission of her claims to binding arbitration. Defendant asks the Court to enforce the arbitration agreement and dismiss this action in favor of arbitration.

## I.  BACKGROUND

Plaintiff Baugh alleges in her Original Complaint that she worked as an exotic dancer at Defendant's club, Centerfolds, and that she was misclassified as an independent contractor.[1] Ms. Baugh claims that this classification violated the Fair Labor Standards Act, entitling her to the recovery of back pay, statutory damages, and all "fees and fines" allegedly imposed upon her by Defendant.[2]

---

[1] Plaintiff's Original Complaint [Dkt. No. 1], at ¶ 2.
[2] *See id*. at ¶ 64.

Since April 2013, Centerfolds has distributed a "Dancer Packet" to the individuals who choose to perform at the club. It includes a "License and Access Agreement" ("LAA") containing an arbitration agreement.[3] In relevant part, the LAA provides:

> 13. ARBITRATION POLICY
>
> (A) THE PARTIES AGREE THAT ANY AND ALL COVERED DISPUTES, CLAIMS AND CONTROVERSIES ARISING OUT OF OR RELATING TO THIS AGREEMENT AND/OR ANY MATTER RELATED TO ALLEGED EMPLOYMENT, ALLEGED TERMS OR CONDITIONS OF EMPLOYMENT, OR ANY ALLEGED RELATIONSHIP OTHER THAN THAT OF A LICENSEE THAT THE DANCER MAY HAVE AGAINST CENTERFOLDS, ITS OWNERS, DIRECTORS, OFFICERS, MANAGERS, EMPLOYEES, OR AGENTS (HEREINAFTER, COLLECTIVELY REFERRED TO AS "CENTERFOLDS") OR THAT CENTERFOLDS MAY HAVE AGAINST THE DANCER SHALL BE SUBMITTED EXCLUSIVELY TO AND DETERMINED EXCLUSIVELY BY BINDING ARBITRATION UNDER THE FEDERAL ARBITRATION ACT….[4]

The LAA further defines the scope of "Covered Disputes, Claims and Controversies" to include any and all disputes, claims and controversies arising under the FLSA.[5] The LAA also provides for a mediation prior to arbitration and a class and collective action waiver. In *Coronado v. D.N.W. Houston, Inc*., 2015 WL 5781375, (S.D. Tex. Sept. 30, 2015), Judge Lee Rosenthal ruled that a prior version of the LAA, one containing virtually identical terms, required signatories to submit their claims to arbitration.

---

[3] **Exhibit A,** "Dancer Packet" with License and Access Agreement ("LAA").
The Dancer Packet and LAA that Ms. Baugh most recently executed on January 3, 2020 is the third iteration of the arbitration agreement that Ms. Baugh has executed since 2016. *See* **Exhibits B and C**.
[4] **Exhibit A**, LAA, at p. 3.
[5] *Id*. at ¶ 13(b).

Despite agreeing to the terms of the LAA, Ms. Baugh filed this lawsuit on January 24, 2020. Defendant asks the Court to dismiss Ms. Baugh's claims in favor of the arbitration procedures provided for in the LAA.

## II.    ARGUMENT & AUTHORITIES

The Federal Arbitration Act permits a party to file a motion to compel arbitration based on "the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration." 9 U.S.C. § 4. The Supreme Court has made clear that "Congress has instructed that arbitration agreements like those before us must be enforced as written" and that claims under the FLSA are subject to arbitration. *See Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1632 (2018).

While the Fifth Circuit has not definitively decided which provision under Federal Rule of Civil Procedure 12(b) provides the vehicle for dismissal in favor of arbitration, it has found that dismissal in favor of arbitration is acceptable under Rule 12(b)(3). *McDonnel Group, L.L.C. v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 430, n. 5 (5th Cir. 2019), as revised (June 6, 2019). At bottom, when deciding whether a motion to enforce or compel arbitration ought to be granted, a court must make two determinations: (1) whether the parties entered into a valid arbitration agreement and (2) whether the arbitration agreement covers the claim at issue. *Kubala v. Supreme Prod. Services, Inc.*, 830 F.3d 199, 201 (5th Cir. 2016); *Edwards v. Doordash, Inc.*, 888 F.3d 738, 743 (5th Cir. 2018).

## A.    A Valid Arbitration Agreement Exists.

A court must "first look to see if an agreement to arbitrate was formed, then determine if it contains a delegation clause. If there is an agreement to arbitrate with a delegation clause, and absent a challenge to the delegation clause itself, we will consider that clause to be valid and compel arbitration." *Edwards*, 888 F.3d at 744. As the party seeking to compel arbitration,

Defendant bears the burden of proving the existence of a valid arbitration agreement. *See Huckaba v. Ref-Chem, L.P.*, 892 F.3d 686, 688 (5th Cir. 2018). This is a question of contract formation governed by state law. *Id.*

A valid arbitration agreement exists. The LAA states in the very first paragraph that "[i]n consideration for Centerfolds allowing the Dancer to perform entertainment services at Centerfolds, the Dancer enters into this License and Access Agreement." As with prior versions, Ms. Baugh initialed every page of the LAA and executed the agreement, signifying her intent to be bound to its terms, including the arbitration agreement.

The arbitration agreement contains a valid delegation clause. Delegation clauses operate to "transfer the court's power to decide arbitrability questions to the arbitrator." *Kubala*, 830 F.3d at 201. "If there is a delegation clause, the motion to compel arbitration should be granted in almost all cases." *Id.* at 202; *see Aviles v. Russell Stover Candies, Inc.*, 559 F. App'x 413, 414-15 (5th Cir. 2014) (holding that a delegation clause meant that the employee's argument that the arbitration agreement was illusory was itself subject to arbitration). Here, the LAA provides at paragraph 13(A) that "[t]he parties agree that any and all covered disputes, claims and controversies arising out of or relating to this agreement … shall be submitted exclusively to and determined exclusively by binding arbitration…." The Court "should consider that clause to be valid and compel arbitration." *Edwards*, 888 F.3d at 744.

**B.     Plaintiff's Claims are Subject to Arbitration.**

At the second step, the question is whether the claim falls within the scope of the arbitration agreement. "A party cannot be compelled to submit a dispute to arbitration unless there has been a contractual agreement to do so." *Neal v. Hardee's Food Sys., Inc.,* 918 F.2d 34, 37 (5th Cir.

1990). Federal law and the strong policy favoring arbitration applies at this stage. *Fleetwood Enters. Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002).

The first paragraph of the arbitration agreement explains that covered claims and disputes includes "any matter related to alleged employment, alleged terms or conditions of employment, or any alleged relationship other than that of licensee that the dancer may have against Centerfolds…." Paragraph 13, subpart (B) goes on to provide additional detail:

> (B) "COVERED DISPUTES, CLAIMS AND CONTROVERSIES" INCLUDE, BUT ARE NOT LIMITED TO, ANY AND ALL DISPUTES, CLAIMS AND CONTROVERSIES THAT AROSE BEFORE AND/OR AFTER THIS ARBITRATION POLICY WENT INTO EFFECT ARISING UNDER …. THE FAIR LABOR STANDARDS ACT ("FLSA")…. AND ANY OTHER CLAIMS ARISING UNDER FEDERAL OR TEXAS STATE LAW, AND/OR COMMON LAW CLAIMS ….

"The language of the arbitration agreement at issue determines whether a particular dispute is within its scope." *Vallejo v. Garda CL Sw., Inc.*, CIV.A. H-12-0555, 2013 WL 391163, at *9 (S.D. Tex. Jan. 30, 2013), quoting *Douglas v. Timex Corp.*, 1998 WL 34072739, at *4 (S.D.Tex. 1998). The plain and ordinary language of the LAA's arbitration clause are clear and specific – Plaintiff's FLSA claims fall squarely within the scope of arbitration.

**C.      Dismissal in Favor of Arbitration is Appropriate.**

Finally, district courts in the Fifth Circuit are within their discretion to dismiss a case when "staying the action will serve no purpose." *Fedmet Corp. v. M/V Buyalyk*, 194 F.3d 674, 677, 678 (5th Cir. 1999), citing 9 U.S.C. § 3. A stay will serve no purpose if "all issues raised in this action are arbitrable and must be submitted to arbitration." *Id.*; *see also Ruiz v. Donahoe*, 784 F.3d 247, 249, n. 13 (5th Cir. 2015), citing *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir.1992). Dismissal, as opposed to a stay pending arbitration, is proper if all of the issues raised

in the district court must be submitted to arbitration. *Rainey v. Citigroup, Inc.*, 779 Fed. Appx. 258, 259 (5th Cir. 2019) (citation omitted).

All issues raised in Ms. Baugh's complaint are subject to arbitration and must be submitted to arbitration. A stay would serve no purpose whatsoever.

## III.
### CONCLUSION

For the foregoing reasons, Defendant A.H.D. Houston, Inc., d/b/a Centerfolds, asks the Court to dismiss the claims brought by Plaintiff Monauzre Baugh in favor of arbitration as set forth in the License and Access Agreement.

Respectfully submitted,

**WALLACE & ALLEN, LLP**

*/s/ Casey T. Wallace*
Casey T. Wallace
State Bar No. 00795827
SDTX Bar. No. 20117
440 Louisiana, Ste. 1500
Houston, Texas 77002
Telephone: (713) 227-1744
Facsimile: (713) 227-0104
cwallace@wallaceallen.com
**ATTORNEY FOR DEFENDANT**

**OF COUNSEL FOR DEFENDANT:**

William X. King
State Bar No. 24072496
SDTX Bar No. 1674134
440 Louisiana, Ste. 1500
Houston, Texas 77002
Telephone: (713) 227-1744
Facsimile: (713) 227-0104
wking@wallaceallen.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document has been served on counsel of record in accordance with the Federal Rules of Civil Procedure via email and/or filing through the Court's ECF System on February 20, 2020.

Jarrett L. Ellzey
W. Craft Hughes
Leigh Montgomery
Hughes Ellzey, LLP
1105 Milford Street
Houston, Texas 77066
Telephone: (713) 554-2377
Facsimile: (888) 995-3335
jarrett@hughesellzey.com

Jesenia A. Martinez
Kristensen, LLP
12540 Beatrice Street, Ste. 200
Los Angeles, California 90066
Telephone: (310) 507-7924
Facsimile: (310) 507-7906
jesenia@kristensenlaw.com
**ATTORNEYS FOR PLAINTIFF**

_/s/ Casey T. Wallace_
Casey T. Wallace