**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MONAUZRE BAUGH, aka MAVEN, an Individual,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 4:20-cv-00291** |
| **A. H. D. HOUSTON, INC., D/B/A CENTERFOLDS; ALI DAVARI and HASSAN DAVARI, individuals,** | § § § § | |
| **Defendants.** | § § | |

**DAVARI DEFENDANTS' MOTION TO JOIN
DEFENDANT A.H.D. HOUSTON, INC.'S MOTION TO DISMISS**

Defendants Ali Davari and Hassan Davari ("Davari Defendants") file this Motion to Join the Motion to Dismiss Pursuant to 9 U.S.C. § 4, filed by Defendant A.H.D. Houston, Inc. d/b/a Centerfolds ("Centerfolds"). In support of thereof, the Davari Defendants show as follows:

**I.   BACKGROUND**

On March 12, 2020, Defendant Centerfolds filed its Motion to Dismiss Plaintiff's claims in favor of arbitration. (Dkt. No. 13). At the time, Defendant Hassan Davari had not been served, and Defendant Ali Davari disputes that he had been served.

On April 2, 2020, Plaintiff filed her response to Centerfolds' Motion to Dismiss (Dkr. No. 17), along with a return of service for Ali Davari providing that he had allegedly been served on February 18, 2020. (Dkt. No. 16). Plaintiff also filed a Motion for Substituted Service on Hassan Davari, which the Court granted on April 7, 2020 (Dkt. No. 19).

In lieu of engaging in needless motion practice and challenging the sufficiency of service on Ali Davari, the parties have agreed that the undersigned will accept service on behalf of the

Davari Defendants and that the Davari Defendants will join in Centerfolds' Motion to Dismiss. *See* FED. R. CIV. P. 4.

## II.   ARGUMENTS & AUTHORITIES

**A.   Davari Defendants Adopt by Reference Centerfolds' Motion to Dismiss.**

As discussed in Centerfolds' Motion to Dismiss, Plaintiff executed a "License and Access Agreement" ("LAA") containing an arbitration agreement. (Dkt. No. 13, at ¶ 3). Pursuant to Federal Rule of Civil Procedure 10, the Davari Defendants adopt and fully incorporate by reference Centerfolds' Motion to Dismiss (Dkt. No. 13) and Centerfolds' Reply in Support of the Motion to Dismiss. (Dkt. No. 20).

**B.   Non-Signatories to an Arbitration Agreement May Compel Arbitration.**

As it relates to the Davari Defendants, Plaintiff argued in her Response to Centerfolds' Motion to Dismiss that they "are not signatories to the contracts at issue in Centerfolds' pending motion." (Dkt. No. 17, p. 8). To the extent Plaintiff intended to assert the argument that the Davari Defendants may not also compel arbitration against Plaintiff pursuant to the LAA, they are incorrect.

It is well-established that parties who are not signatories to an arbitration agreement may invoke arbitration under the Federal Arbitration Act and the relevant agreement if allowed under state contract law. *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631 (2009). It is also well-established that "a party to an arbitration agreement may be equitably estopped from litigating its claims against non-parties in court and may be ordered to arbitration." *Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 398 (5th Cir. 2006). This includes circumstances in which "the signatory raises allegations of substantially interdependent and concerted misconduct by both the non-signatory and one or more signatories to the contract." *Id.*, citing *Grigson v. Creative Artists*

*Agency, LLC,* 210 F.3d 524, 528 (5th Cir.2000).

This threshold is easily met. Plaintiff has alleged that the Davari Defendants are "joint employers" with Centerfolds. (Dkt. No. 1, ¶13). Indeed, Plaintiff's Original Complaint asserts all allegations against all Defendants without distinguishing between them. *Hays v. HCA Holdings, Inc.*, 838 F.3d 605, 612 (5th Cir. 2016) (finding no abuse of discretion where district court ordered arbitration of plaintiff's claims in light of her treatment of multiple defendants "as a single unit in his pleadings, raising virtually indistinguishable factual allegations against" them).

Additionally, "[a]rbitrating claims against [Centerfolds] while litigating claims against [the Davari Defendants] could yield inconsistent results, waste time and resources, and thwart federal policy favoring arbitration." *Holts v. TNT Cable Contractors, Inc.*, CV 19-13546, 2020 WL 1046337, at *4 (E.D. La. Mar. 4, 2020).

### III.    CONCLUSION

For the reasons set forth in Centerfolds' Motion to Dismiss and Reply in Support of its Motion to Dismiss, Defendants Ali Davari and Hassan Davari respectfully ask the Court to dismiss Plaintiff's claims in favor of arbitration, and for any other relief to which they may be justly entitled.

Respectfully submitted,

**WALLACE & ALLEN, LLP**

 */s/ Casey T. Wallace*
Casey T. Wallace
State Bar No. 00795827
SDTX Bar. No. 20117
440 Louisiana, Ste. 1500
Houston, Texas 77002
Telephone: (713) 227-1744
Facsimile: (713) 227-0104
cwallace@wallaceallen.com
**ATTORNEY FOR DEFENDANTS**

**OF COUNSEL FOR DEFENDANT:**

William X. King
State Bar No. 24072496
SDTX Bar No. 1674134
440 Louisiana, Ste. 1500
Houston, Texas 77002
Telephone: (713) 227-1744
Facsimile: (713) 227-0104
wking@wallaceallen.com

## <u>CERTIFICATE OF CONFERENCE</u>

I certify that on April 9-11, 2020, I conferred with counsel for Plaintiff, Jarrett Ellzey, regarding the relief sought in this motion on behalf of Ali Davari and Hassan Davari. Ms. Ellzey indicated that he agreed with the relief sought herein.

*/s/ William X. King*
*William X. King*

- 4 -

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that the foregoing document has been served on counsel of record in accordance with the Federal Rules of Civil Procedure via email and/or filing through the Court's ECF System on April 16, 2020.

Jarrett L. Ellzey
W. Craft Hughes
Leigh Montgomery
Hughes Ellzey, LLP
1105 Milford Street
Houston, Texas 77066
Telephone: (713) 554-2377
Facsimile: (888) 995-3335
jarrett@hughesellzey.com
craft@hughesellzey.com
leigh@hughesellzey.com

*-and-*

Jesenia A. Martinez
Kristensen, LLP
12540 Beatrice Street, Ste. 200
Los Angeles, California 90066
Telephone: (310) 507-7924
Facsimile: (310) 507-7906
jesenia@kristensenlaw.com
**ATTORNEYS FOR PLAINTIFF**

*/s/ Casey T. Wallace*
Casey T. Wallace